IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES E. JACOBSON, JR.,** a citizen of the State of Oregon,<br><br>        Plaintiff,<br><br>     v.<br><br>**JEFFREY MEYERS**, Esq, and ATTORNEYS (AZ), as individuals and as members, partners and/or principals of the firm of Law, Lyman, Daniel & Bogdanovich, P.S, who appeared in this or any related matter on behalf of the City of Olympia; and **MR. BEN BARNES**, as an individual and as the Probation Services Department of the Olympia Municipal Court, jointly and severally,<br><br>        Defendants. | Case No. 3:24-cv-01590-YY<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

James E. Jacobson, Jr. 805 N.E. Kane Dr., Apt. 109, Gresham, Oregon, 97030. Pro se.

John E. Justice, Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S., P.O. Box 11880, Olympia, Washington, 98508. Attorney for Defendants.

**IMMERGUT, District Judge.**

      Judge You issued her Findings and Recommendations ("F&R") recommending that

Plaintiff's case be dismissed without prejudice for lack of personal jurisdiction over Defendants,

PAGE 1 – ORDER

and that this Court decline to transfer the case under 28 U.S.C. § 1631 because it would not be in the interest of justice. ECF 24. Plaintiff filed objections, ECF 26, and Defendants responded. ECF 27. After de novo review of the F&R, objections, and response, this Court adopts the F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

In his objections, Plaintiff argues that Judge You's F&R fails to adequately address the "ongoing abuse of an elderly and disabled individual in violation of ORS 124.100 et seq. and the Americans with Disabilities Act (ADA)." Objections to Findings & Recommendations, ECF 26 at 2. Judge You adequately addresses Plaintiff's ADA claim. *See* F&R, ECF 24 at 16. Regarding Plaintiff's claim under O.R.S. 124.100, it is unclear exactly what conduct in his Amended Complaint underlies this claim. *See* Amended Complaint, ECF 18. It appears Plaintiff is alleging that the same conduct underlying his ADA claim forms the basis of his O.R.S. 124.100 claim. Plaintiff fails to allege how the named defendants, who are attorneys and probation officers, had

PAGE 2 – ORDER

anything to do with the decision to place him in solitary confinement or deprive him of accommodations.

## CONCLUSION

This Court has reviewed de novo the portions of Judge You's F&R to which Plaintiff objected. Judge You's F&R, ECF 24, is adopted in full, with the additional analysis of Plaintiff's O.R.S. 124.100 claim for purposes of determining whether transfer is appropriate under 28 U.S.C. § 1631. This Court DISMISSES the case without prejudice and declines to transfer the case to another district.

**IT IS SO ORDERED**.

DATED this 30th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER